Receipt # 0519194

ORIGINAL

FILED
JUL 16 2003
U.S. COURT OF
FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

------------------------x

PROMATECH, INC.
Plaintiff,

- v -

THE UNITED STATES POSTAL SERVICE
Defendant.

------------------------x

Index No. 03-1720C

**COMPLAINT**

Promatech, Inc. by its attorneys, King & King LLP for its complaint alleges against the defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to the Contract Disputes Act of 1978 (41 U.S.C. §§ 601 *et seq.*) and 39 U.S.C. §§ 401 *et seq.* which provides that the United States Postal Service shall have the power "to sue and be sued in its official name," 39 U.S.C. § 401(1), and "to settle and compromise claims by or against it," 39 U.S.C. § 401(8). In addition, 39 U.S.C. § 409 (b) provides that "the provisions of Title 28 relating to service of process, venue, and limitations of time for bringing actions and suits in which the United States, its officers, or employees are parties, and the rules of procedure adopted under Title 28 for suits in which the

United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties."

2. This Court also has jurisdiction by virtue of the Tucker Act, 28 U.S.C. § 1491, which states that this Court has "jurisdiction to render judgement upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Here, the plaintiff's claim, as set forth in detail below, is based on an expressed contract.

## THE PARTIES

3. Plaintiff, Promatech, Inc. ("Promatech"), is a New Jersey corporation with its principal place of business at 302 New Jersey Avenue, Riverside, N.J. 08075. Promatech is a company in the business of managing construction work and projects for public agencies and private owners.

4. Defendant United States Postal Service is an entity defined by 39 U.S.C. §§ 201 to be an independent establishment of the executive branch of the Government of the United States.

## THE CONTRACT

5. On or about July 7, 1998 Promatech and the United States Postal Service entered into Contract No. 332495-98-H-0221 entitled "Indefinite Quantity Contract" ("Contract").

6. By the terms of the Contract, the United States Postal Service issued work orders and in other regards directed Promatech's performance.

7. On or about March 31, 1999, the United States Postal Service issued two work orders for two separate facilities: (1) Work Order No. 1.00 - Franklin Lakes Facility, Franklin Lakes, N.J., and (2) Work Order No. 2.00 - Bergen South Facility, Jersey City, N.J. (collectively "Work Orders").

8. Promatech proceeded to perform in accordance with the Work Orders and performed additional work at the direction of the United States Postal Service. The work was substantially delayed for reasons not Promatech's responsibility. As a result, the scope of the construction management services provided were substantially increased.

9. As of about February 26, 2002 Promatech had invoiced and been paid the following sums:

| Franklin Lakes Facility | |
|---|---|
| Total Invoiced: | $146,786.24 |
| Total Paid | $120,734.41 |
| Due: | $26,051.83 |

| Bergen Facility | |
|---|---|
| Total Invoiced: | $111,223.44 |
| Total Paid | $73,355.30 |
| Due: | $37,868.14 |

10. By letter dated February 26, 2002, Promatech requested the Contracting Officer's final decision with respect to the sums that Promatech had claimed due and owing under the Contract, the Work Orders, and extra work and additional work that the United States Postal Service had directed and/or agreed to pay. Included with Promatech's February 26, 2002 letter was a certification, in accordance with the requirements of the Contract Disputes Act of 1978 of Promatech's claim, by Ms. Yvette Streahle, its President.

11. By letter dated August 16, 2002, United States Postal Service Contracting Officer Dane A. Weir issued his final decision denying Promatech's claims ("Final Decision").

12. The Final Decision was contrary to the terms of the Contract, Work Orders, and other directions issued by United States Postal Service.

WHEREFORE, the plaintiff requests a judgement in its favor for the total sum of $63,919.97 plus interest and such other and further relief as to this Court may seem just.

Dated: July 14 , 2003
New York, New York

Respectfully Submitted,

Christopher McNulty, Esq.
Peter M. Kutil, Esq. (awaiting admission to this Court)

King & King, LLP
245 East 54th Street, 27th Floor
New York, N.Y. 10022
(212) 980-6438
Facsimile: (718) 275-5081