# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PROMATECH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-1720C |
| | ) | (Senior Judge Gibson) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PRELIMINARY STATUS**
**REPORT UPON BEHALF OF BOTH PARTIES**

Pursuant to Rule 16 of the United States Court of Federal Claims, defendant, the United States, respectfully submit the following Joint Preliminary Status Report. Counsel for plaintiff, Promatech, Inc., has consented to this status report and to defendant's submission of the status report on its behalf.

a. Plaintiff believes that all jurisdictional requirements have been met. Defendant is not aware of any jurisdictional issues at this time.

b. The parties are not aware of any cases that should be consolidated with this case.

c. The parties are not aware of any reasons at this time for bifurcation of trial into liability and damages phases.

d. The parties are not aware of any reason why proceedings should be deferred pending consideration of any other case.

e. The parties do not believe that remand or suspension will be sought.

f. The parties do not expect that any additional parties will be joined.

g. The parties anticipate that either or both may file a motion pursuant to RCFC 56 after discovery. The parties' proposed discovery schedule allows for time for filing of RCFC 56 motions.

h. The parties agree that the main legal and factual issue in this action is:

Whether the work – the construction supervision and management that Promatech was to provide – was performed properly or adequately as required by the terms of the contract or in accordance with industry standards.

i. The parties intend to explore informal settlement discussions. The parties do not believe that formal ADR is necessary.

j. The parties anticipate proceeding to trial unless a settlement is reached or the case is disposed of by a RCFC 56 motion. The parties do not request an expedited trial scheduling.

k. There are no special issues regarding electronic case management needs of which the parties are aware at this time.

l. The parties are not aware of any additional information of which the Court should be aware at this time.

**PROPOSED DISCOVERY PLAN**

The parties anticipate that discovery will be required in this case. Accordingly, the parties propose the following discovery plan:

a. Document discovery shall be completed not later than March 15, 2004;

b. Depositions, except for those of expert witnesses, shall be completed not later than June 15, 2004;

c. Expert reports shall be disclosed on or before July 15, 2004;

d. Depositions of experts shall be completed not later than August 30, 2004; and

e. Dispositive motions, if any, shall be filed not later than September 30, 2004.

The parties believe that this discovery plan will allow sufficient time to conduct orderly discovery in this case, and to explore settlement negotiations and/or ADR, if appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Frankin E. White
FRANKLIN E. WHITE
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079
Attorneys for Defendant

OF COUNSEL:
DANIEL P. GIMMY, ESQ.
Law Department, New York
United States Postal Service

Date: December 4, 2003

CERTIFICATE OF FILING

I hereby certify that on this 4th day of December, 2003, a copy of the foregoing "DEFENDANT'S PRELIMINARY STATUS REPORT UPON BEHALF OF BOTH PARTIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister