IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PROMATECH, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1720C (Judge Gibson) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. The "Contract" for purposes of this Stipulation is a contract entitled "Indefinite Quantity Contract" dated July 7, 1998, between Promatech and the United States Postal Service ("Contract"). And, by the terms of the Contract, the United States Postal Service issued work orders. Specifically, on or about March 31, 1999, the United States Postal Service issued two work orders for two separate facilities: (1) Work Order No. 1.00 - Franklin Lakes Facility, Franklin Lakes, N.J., and (2) Work Order No. 2.00 - Bergen South Facility, Jersey City, N.J. (collectively "Work Orders"). The Contract and Work orders required Promatech to supply construction management services related to the two facilities.

2. Pursuant to the Contract Disputes Act of 1978 ("CDA"), Promatech submitted a claim to the contracting officer dated February 26, 2002 wherein Promatech requested the Contracting Officer's final decision related to the sums that Promatech had claimed due and owing under the Contract and the Work Orders. By letter dated August 16, 2002, United States Postal Service Contracting Officer Dane A. Weir issued his final decision denying Promatech's claims ("Final Decision"). On or about July 14, 2003, Promatech filed an action in the United States Court of Federal

Claims, styled Promatech v. United States Postal Service, Case No. 03-1720C, seeking recovery of sum under the Contract and Work Orders, in the sum of $63,919.97 plus interest.

3. Plaintiff has offered to settle this litigation for a payment by the United States of Thirty Thousand Dollars ($30,000.00) to Promatech, Inc., inclusive of all its interest allowed pursuant to the CDA, with each party to bear its own attorney fees, costs, and expenses. If not paid before July 26, 2004, the principle amount of $30,000 will begin to accrue interest, beginning on July 27, 2004, in accordance with the Contract Disputes Act, 41 U.S.C. § 611.

4. Plaintiff's offer has been accepted upon behalf of the United States Postal Service.

5. The United States consents to entry of a judgment against the United States as set out in paragraph 3.

6. The parties agree that payment of the stipulated amount should be sent by check payable to King & King LLP, as attorneys at 65-60 Austin Street, Rego Park, N.Y. 11374.

7. Upon payment of judgment pursuant to this stipulation, Promatech releases, waives, and abandons all claims against the United States and the United States Postal Service, its political subdivisions, its officers, and employees, arising out of or related in any way to the Contract or the Work Orders, regardless of whether they were included in the complaint, including but not limited to any claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. Promatech warrants and represents that no other action or suit against the United States or United States Postal Service with respect ro or related in any way to the Contract or the project will be filed in or submitted to any other court, contracting officer, administrative agency, or legislative body. Promatech further warrants and represents that it has made no assignment or transfer to third parties of all or any part of their rights arising out of or relating ro the claims advanced in this suit or the Contract.

9. Upon entry of judgment pursuant to this stipulation, the United States and United States Postal Service releases, waives and abandons all claims against Promatech arising out of or related to the Contract or the Work Orders otherwise involved in this case, except for fraud,

regardless of whether they were included the pleadings, including but not limited to, all claims for costs, expenses, attorney fees, compensatory damages and exemplary damages.

10. This stipulation is for the purpose of settling this litigation and for no other purpose. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

11. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Promatech.

12. This document constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

/s/ Christopher McNulty

CHRISTOPHER McNULTY, Esq.
King & King, LLP
65-60 Austin Street
Rego Park, N.Y. 11374
Tel: (718) 896-6554 / (212) 980-6438
Attorney for Plaintiff Promatech, Inc.

Dated: September 7, 2004

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director
Authorized Representative
of the Attorney General

/s/ John S. Groat
JOHN S. GROAT
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
At-m: Classification Unit
1100 L Street N.W.
Washington, D.C. 20530
Tel: (202) 514-4325
Fax: (202)514-7965

Attorneys for Defendant

Dated: September 8, 2004

CERTIFICATE OF FILING

I hereby certify that on this September 8, 2004, a copy of the foregoing DEFENDANT'S STATUS REPORT ON BEHALF OF THE PARTIES was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John S. Groat